Dawn M. McCraw, AZ #035321
David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (818) 600-5485
E: david@pricelawgroup.com
E: dawn@pricelawgroup.comjk
*Attorneys for Plaintiff,*
*Steven McMahon*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## PRESCOTT DIVISION

| | |
|---|---|
| Steven McMahon,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Payment Resolution Services, LLC,<br><br>　　　　Defendants. | Case No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>　1.　FDCPA, 15 U.S.C. §1692 et seq. |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Steven McMahon ("Plaintiff") alleges Defendant Payment Resolutions Services, LLC ("PRS") has violated his rights as provided by the Fair Debt Collection Practices Act.

## **INTRODUCTION**

1. This is an individual action brought by an Arizona consumer alleging statutory damages, actual damages, additional damages as the court may allow as provided in 15 U.S.C. §1692e(2), e(10) and f, and attorneys' fees and costs, for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et

seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. The District Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omission giving rise to the claim occurred in this District.

4. Personal jurisdiction is established in this District because the conduct at issue occurred within the District's geographic boundaries, Plaintiff resides within the District, and Defendant transacts business here.

## PARTIES

5. Plaintiff is a natural person obligated or allegedly obligated to pay any debt, and he is therefore a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3). Plaintiff resides in the City of Flagstaff, Coconino County, Arizona.

6. Defendant is a debt collection agency that regularly conducts business in Arizona on a routine and systemic basis. Defendant's headquarters are located at 1009 Windcross CT, Franklin, Tennessee 37067. PRS is in the business of contacting consumers to collect consumer debt. Defendant can be served through its registered agent CT Corporation System, at 300 Montvue Rd, Knoxville, TN 37919-5546.

7. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6). Defendant regularly uses the telephone

and mail to engage in the business of collecting debts and/or alleged debts from consumers in several states, including Arizona.

8. Any violations by Defendant as set forth in this Complaint were knowing and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

9. During all times pertinent to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. On or about August 23, 2019, Plaintiff suffered a serious injury while working on the job for his former employer, non-party Personal Safety Enterprises. Plaintiff was injured on the job when he tried to open a 300-pound door. The door was stuck, and the amount of force needed to get the door opened caused him to rupture an artery. Plaintiff was immediately admitted to the hospital ICU for several weeks.

11. Plaintiff subsequently submitted a worker's compensation claim for his injury through his employer, who was insured by California Insurance Company, ICA Claim Number 20192590029.

12. The claim was accepted by the worker's compensation insurance carrier, California Insurance Company, for his multiple surgeries, blood transfusions, and post-physical therapy.

13. On August 23, 2019, Plaintiff underwent the first of his three surgeries on his stomach as a result of the injury.

14. On or about October 20, 2019, Plaintiff underwent another three surgeries for his leg, as a result of the injury.

15. In or around May 10, 2021, Plaintiff began receiving collection letters from Payment Resolution Services, LLC ("PRS"), on behalf of Aetna Health Insurance, Plaintiff's personal insurance, indicating that he purportedly owed amounts for procedures that were performed due to Plaintiff's work-related injury.

16. Arizona's worker's compensation statutes are clear on the subject. A.R.S. §23-1062.01(D) specifically provides that "[a]n injured worker is not responsible for payment of any portion of a medical bill for services rendered on an accepted claim and is not responsible for payment of any disputed amount between a health care provider and the insurance carrier, self-insured employer or claims processing representative."

17. For purposes of A.R.S. §23-1062.01(D), and "'[a]accepted claim' means a claim for benefits under this chapter that has been accepted by a final notice of claim status or final order or award of the commission."

18. Since California Insurance Company accepted Plaintiff's claim by a final notice of claim status, Plaintiff is not responsible for any portion of the medical bills for services rendered on the claim, and it not responsible for payment of any disputed amount between health care provider Aetna and California Insurance Company.

19. On or about May 10, 2021, Plaintiff received a collection letter from PRS, seeking a payment of $517.00, supposedly past due and owing in connection with the procedures performed on Plaintiff (the "Collection Letter").

20. In the Collection Letter to Plaintiff, Defendant identified Aetna as the creditor and stated, "Payment Resolution Services (PRS) represents the interests of Aetna. The purpose of this letter is to collect a debt that you owe Aetna."

21. As a result of PRS's attempt to collect on the alleged debt, Plaintiff experienced a toll on his mental health, and was forced to pay out of pocket for psychotherapy and psychiatry appointments.

22. Defendant designed the communication as a bill (demand for payment), indicating to consumers, like Plaintiff, that an outstanding balance was owed, and payment was due on the debt. The letter includes a remittance section and a payment coupon, and lists several payment options for Plaintiff, including by phone, online, or use of the payment coupon included with the letter.

23. Defendant also represented that if Plaintiff disputed the validity of the debt, Defendant would obtain a verification of the debt or obtain a copy of a judgment and send the same to Plaintiff.

24. The least sophisticated consumer would be misled by these representations, since Defendant stated that there was a $517.00 "balance due" from Plaintiff, and that if Plaintiff disputed the validity of the debt, Defendant would obtain "verification" or a "copy of a judgment" and send the same to Plaintiff (implying the use of legal means to collect the debt).

25. Thus, by the content of the Collection Letter, consumers like Plaintiff are faced with consequences in either event—whether they fail to dispute the validity of the debt or

dispute the validity of the debt. The only portion without consequences is for consumers like Plaintiff to pay Defendant the amount demanded.

26. Upon information and belief, Defendant included such language to make Plaintiff believe he was legally responsible for the subject debt.

27. Defendant's Collection Letter is misleading when construed as a whole, as Defendant demands payment for a debt for which he was not legally responsible pursuant to A.R.S. §23-1062.01(D), and prominently features a payment demand, payment instructions, and a payment coupon. Defendant's Collection Letter also misleadingly implies that the debt can be assumed valid , or that Defendant can mail Plaintiff a "verification" or a "judgment". When construed as a whole, Defendant's correspondence is an attempt to collect a debt.

28. Upon information and belief, Aetna assigned, sold, and/or transferred the subject alleged debt to Defendant between August 2019 and May 2021.

29. Upon information and belief, Defendant has actual knowledge, or was on notice that Plaintiff was not legally obligated to pay the alleged debt because it was based on an accepted worker's compensation claim.

30. Defendant knew, or reasonably should have known, that the alleged debt it was attempting to collect from Plaintiff derived from an accepted worker's compensation claim and was not valid. The assignor, Aetna, had actual notice of that information and California Insurance Company is a well-known worker's compensation carrier.

31. Defendant holds itself out to the public as a debt collector that cares about the patients from whom it collects alleged medical debts.

32. Upon information and belief, Defendant knows or is otherwise on notice that some of the debts it attempts to collect are debts that are not valid because they derives from accepted worker's compensation claims.

33. Upon information and belief, Defendant does not attempt to determine whether the debts it seeks to collect derive from accepted worker's compensation claims (and are invalid), even though Defendant is on notice that many of the debts it attempts to collect derive from accepted worker's compensation claims.

34. Defendant's attempts to collect an alleged debt from Plaintiff were deceptive, misleading, unfair, unconscionable, and plainly violate numerous provisions of the FDCPA.

35. Defendant's conduct is precisely what Congress intended to deter and punish through enactment of the FDCPA.

36. Defendant's collection efforts caused Plaintiff to suffer concrete and particularized injuries and harm. Defendant injured Plaintiff by trying to extract money from Plaintiff that he did not owe and could not possibly pay. Defendant placed Plaintiff in fear of legal proceedings or other avenues Defendant might pursue to collect an alleged debt.

37. As a result of the injury and its aftermath, Plaintiff was diagnosed with PTSD and depression and his doctor prescribed medication to manage the pain as well as his PTSD and depression. Defendant's conduct exacerbated Plaintiff's preexisting condition. Plaintiff then began seeing psychotherapists to manage his mental health.

38. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, embarrassment, stress and anxiety, emotional and mental pain and anguish, and costs for psychotherapy and psychiatry doctor visits.

## COUNT I
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e(2)(A); 1692e(5)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein.

40. The FDCPA is a comprehensive regulatory scheme that Congress enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. §§1691(a), (e).

41. When Congress enacted the FDCPA in 1977, Congress had found that abusive dent collection practices harmed consumers, by among other things, increasing personal bankruptcy, marital instability, loss of employment, and invasion of privacy.

42. Defendant's Collection Letter to Plaintiff is deliberately coercive and contains statements that the least sophisticated consumer would interpret as consequences in the event of non-payment of the debt. Defendant's primary purpose of the communication was to unlawfully extract money from Plaintiff.

43. Defendant used the mail to pursue an uncollectable debt against Plaintiff.

44. Upon information and belief, Defendant utilizes these false, deceptive, misleading, unfair, and unconscionable tactics as a matter of course when attempting to collect debts from consumers such as Plaintiff, despite the fact that Defendant knew or should

have known that the alleged debt derived from an accepted worker's compensation claim and was invalid. Defendant did not have the right to churn out a form collection letter as if it did not know that the alleged debt was invalid.

45. Defendant warns consumers like Plaintiff that failing to dispute the validity of the debt would lead Defendant to assume that the debt is valid.

46. At the same time, Defendant also warns consumers like Plaintiff that disputing the validity of the debt would lead to Defendant mailing Plaintiff either a "verification" or "copy of a judgment".

47. Thus, consumers like Plaintiff are left with the impression that there will be consequences unless they pay Defendant the amount demanded. Defendant therefore violates 15 U.S.C. §1692e(5) by threatening action that cannot legally be taken against Plaintiff for the alleged debt. Including obtaining any "verification" that alleged debt is valid or a copy of a judgment.

48. In this case, Plaintiff did not owe the alleged debt Defendant attempted to collect because the alleged debt derived from an accepted worker's compensation claim.

49. Defendant's conduct is intentional. Defendant does not maintain procedures reasonably adapted to avoid such conduct, but rather intends the conduct.

50. Defendant violated §1692e(2)(A) of the FDCPA by misinterpreting the legal status of the alleged debt that Defendant attempted to collect from Plaintiff. Defendant's representations were made knowingly and with the intent to deceive and coerce the least sophisticated consumer. 15 U.S.C. v1692e(2)(A).

51. Defendant further violated §1692e of the FDCPA by misrepresenting the consequence of non-payment of the alleged debt to Plaintiff.

52. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay an alleged debt.

53. Defendant's debt collection actions, including sending a collection letter, were false, deceptive, or misleading representations or means used by Defendant in connection with the collection of a debt.

54. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees. Plaintiff has suffered injuries in fact, including emotional distress, costs for psychotherapy and psychiatry doctor visits, embarrassment, and frustration.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e(10)

55. Plaintiff incorporates by reference all of the above factual allegations of this Complaint as though fully stated herein.

56. Defendant further violated the FDCPA by making false and deceptive representations that Plaintiff must notify Defendant that he disputed the validity of the debt within thirty (30) days of receipt of the collection letter or else the debt would be assumed valid.

57. The alleged debt was in fact not legally owed because it derived from an accepted worker's compensation claim. Defendant could not legally collect the alleged debt from Plaintiff or convert the alleged debt into a "valid" or collectable debt.

58. Defendant's representations were made knowingly and with the intent to deceive and coerce the least sophisticated consumer in order to induce payments for alleged debts that are uncollectable as a matter of law.

59. Defendant's debt collection actions were false, deceptive, or misleading representations or means used by Defendant in connection with the collection of a debt.

60. As a result of Defendant's actions, Plaintiff suffered injuries in fact, including emotional distress, embarrassment, and frustration. He is entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, attorneys' fees and costs.

### COUNT III
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f

61. Plaintiff incorporates by reference all of the above factual allegations of this Complaint as though fully stated herein.

62. Defendant further violated the FDCPA by using unfair and unconscionable means to collect a debt.

63. Defendant's unfair and unconscionable means include without limitations:

    a. Attempting to collect an allege dent from Plaintiff that derived from an accepted worker's compensation claim, and was therefore not due and owing or legally collectable from Plaintiff;

    b. Misleading Plaintiff as to the validity of the alleged debt;

    c. Misleading Plaintiff as to the consequence of failing to dispute the alleged debt;

    d. Misleading Plaintiff as to the consequence of disputing the alleged debt;

    e. Threatening to send Plaintiff a copy of a "verification" or a "judgment";

    f. Attempting to coerce, pressure and/or deceive Plaintiff into paying money that he did not in fact owe.

64. Defendant's debt collection actions were false, deceptive, or misleading representations or means used in connection with the collection of a debt.

65. As a result of Defendant's actions, Plaintiff suffered injuries in fact, including but not limited to emotional distress, costs for psychotherapy and psychiatry appointments, embarrassment, and frustration. Plaintiff is also entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Steven McMahon respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated FDCPA;

B. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

C. Injunctive relief prohibiting the Defendant's continued abusive debt-collection conduct in violation of the FDCPA;

D. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

E. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and

F. Any pre-judgment and post-judgment interest as may be allowed under the law.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATED: September 27, 2021

Respectfully submitted,

**PRICE LAW GROUP, APC**

<u>/s/Dawn M. McCraw</u>
Dawn M. McCraw, AZ #035321
PRICE LAW GROUP, APC
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (818) 600-5485
E: dawn@pricelawgroup.com

David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Steven McMahon*